*e: lett*

# ORIGINAL

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
2061 Kalanianaole Ave.
Hilo, HI 96720
Telephone: 808/933-3600
Facsimile: 808/933-3601
E-mail: psulla@aloha.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 02 2012

at *1* o'clock and *30* min. *P*M.
SUE BEITIA, CLERK

Attorney for Plaintiffs
Sofia Bauer and Gabriel Barnard

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SOFIA L. BAUER, an Individual and GABRIEL L. BARNARD, an Individual,<br><br>       Plaintiffs,<br><br>    vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC RESIDENTIAL MORTGAGE-BACKED TRUST, SERIES 2006-L1, RESIDENTIAL MORTGAGE-BACKED CERTIFICATES, SERIES 2006-L1, a New York Corporate Trust; ONEWEST BANK, FSB, a federal savings bank doing business as INDYMAC MORTGAGE SERVICES; FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, FSB AND RECEIVER FOR INDYMAC FEDERAL BANK, FSB; RCO HAWAII, LLLC, a Hawaii Limited Liability Company; and Does 1-10, inclusive,<br><br>       Defendants. | Civil No. **CV12 00124 LEK BMK**<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES; EXHIBITS "A" – "C"; SUMMONS**<br><br>JURY TRIAL DEMANDED |

## Table of Contents

INTRODUCTION.................................................. 3

STATEMENT OF THE CASE........................................ 4

JURISDICTION................................................. 6

PARTIES...................................................... 7

FACTUAL ALLEGATIONS......................................... 11

FIRST CAUSE OF ACTION: DECLARATORY RELEIF: TO DETERMINE
STATUS OF DEFENDANTS' CLAIMS................................ 18

SECOND CAUSE OF ACTION: QUASI-CONTRACT...................... 20

THIRD CAUSE OF ACTION: Violation of 15 U.S.C. § 1692e........ 22

FOURTH CAUSE OF ACTION: Unfair and Deceptive Acts and
Practices in violation of: HRS sec 480-2.................... 26

FIFTH CAUSE OF ACTION: ACCOUNTING.......................... 32

PRAYER FOR RELIEF........................................... 33

INTRODUCTION

COMES NOW the Plaintiffs, SOFIA BAUER and GABRIEL BARNARD (hereinafter collectively referred to as "Plaintiffs" or "Borrowers"), by and through their attorney Paul J. Sulla, Jr., for this Complaint against Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY[1], AS TRUSTEE OF THE INDYMAC RESIDENTIAL MORTGAGE-BACKED TRUST, SERIES 2006-L1, RESIDENTIAL MORTGAGE-BACKED CERTIFICATES, SERIES 2006-L1, a New York Corporate Trust, (in its capacity as Trustee and rival claimant in Plaintiff's Note and Mortgage)(hereinafter **"Deutsche Trustee"**); ONEWEST BANK, FSB, a federally-chartered savings bank organized under the laws of the United States (in its capacity as Plaintiffs' Mortgage servicer) doing business as INDYMAC MORTGAGE SERVICES (hereinafter **"OneWest"**); FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, FSB AND RECEIVER FOR INDYMAC FEDERAL BANK, FSB, (in its capacity as the party who executed the faulty assignment and rival claimant to Plaintiff's Note and Mortgage) (hereinafter **"FDIC"**); RCO HAWAII, LLLC, a Hawaii Limited Liability Company (in its capacity as Defendant Deutsche Trusts' debt collector and the entity that registered the legally invalid assignment

---

[1] A national banking association organized under the laws of the United States.

with the State of Hawaii Bureau of Conveyances) (hereinafter **"RCO Hawaii"**) and Does 1-10, inclusive (collectively, "Defendants"), and alleges and avers as follows:

## STATEMENT OF THE CASE

*1.* On or about December 13, 2005 Plaintiff Sofia Bauer executed a promissory note (hereinafter **"Note"**, see Exhibit A) in favor of IndyMac Bank, F.S.B. (hereinafter **"Dissolved IndyMac"**)[2], in the amount of $244,000.00 secured by a Mortgage signed by Plaintiffs (hereinafter **"Mortgage"**, see Exhibit B) for the finance of the real property parcels TMK 3-2-8-010-0032 and TMK 3-2-8-010-0030 located at E. Akaka Falls Road, Honomu, Hawaii 96728 (hereinafter referred to as "Subject Property").

*2.* Defendants OneWest and Deutsche Trustee have attempted to collect on Sofia Bauer's Note and enforce Plaintiffs' Mortgage, yet their alleged right to collect from Plaintiffs and foreclose on Plaintiffs' property is based on a facially and legally invalid Assignment of Mortgage and Note from FDIC to Deutsche Trustee, recorded on July 12, 2010 by Defendants RCO Hawaii and Deutsche Trustee in the State of

---

[2] Dissolved IndyMac no longer exists. It was closed by the Office of Thrift Supervision in 2008 and is in receivership under the Federal Deposit Insurance Corporation.

Hawaii   Bureau   of   Conveyances   as   Doc.   No.   2010-097906
(hereinafter **"assignment"**, see Exhibit C**)**.

3.     The   legally   invalid   assignment   creates   a   factual
question as to who is the actual current owner and holder of
the Note and Mortgage and who actually has the legal right to
foreclose on the Subject Property.   Despite full knowledge of
these legal questions, Defendants RCO Hawaii and Deutsche
Trustee   wrongfully   initiated   foreclosure   proceedings   in
violation of both state and federal laws.

4.     By   creating   the   legally   invalid   and   improperly
notarized assignment purporting to transfer an interest in
Property that they may have never actually held, FDIC violated
H.R.S. § 502-54 and Hawaii Administrative Rules § 12-16-8 in
addition to other state and federal laws protecting the
Plaintiffs from fraud.

5.     Deutsche   Trustee   and   RCO   Hawaii's   conduct   in
recording the clearly invalid and potentially fraudulent
assignment of Plaintiffs' Mortgage and Note with the Hawaii
Bureau of Conveyances and then using that suspect recording as
the basis to institute foreclosure proceedings violated Hawaii
laws prohibiting the recording of false documents in support
of the conveyance of interests in real property in addition to
state and federal laws protecting Plaintiffs from wrongful
debt collection practices and other unfair business practices.

6.    OneWest's    fraudulently    collecting    payments    on
behalf  of  Deutsche  Trustee  for  at  least  four  years  prior  to
the  alleged  assignment  of  the  Mortgage  and  Note  to  Deutsche
Trustee  in  2010  violated  H.R.S.  § 454M-6  in  addition  to  other
state    and    federal    laws.       OneWest's    continuing    in    its
collection  efforts  after  the  faulty  assignment  was  recorded
with  the  Bureau  of  Conveyances  and  the  actual  owner  of  the
Note  and  Mortgage  became  legally  questionable,  also  violated
H.R.S.  § 454M-6  in  addition  to  other  state  and  federal  laws.

7.    Through    this    action,    Plaintiffs    seek    damages
resulting  from  Defendants'  FDIC,  OneWest,  RCO  Hawaii,  and
Deutsche  Trust's  unlawful  conduct  and  a  declaratory  judgment
establishing  which,  if  any,  of  the  Defendants  currently  has  a
security  interest  in  the  Note  and  Mortgage  (collectively,  **"the
Loan"**),  if  any.


## JURISDICTION

8.    This  Court  has  original  jurisdiction  over  the  claims
in  this  action  based  on  28  U.S.C.  §§  1331,  1343,  and  2201;  and
12  U.S.C.  §  1692e,  the  Fair  Debt  Collection  Practices  Act,
which  confers  original  jurisdiction  on  federal  district  courts
in  suits  to  address  the  deprivation  of  rights  secured  by
federal  law.

9.   This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

10. The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in the District of Hawaii and involved real property that is located in the District of Hawaii.   Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

PARTIES

11.   At all times relevant herein, Plaintiffs, Sofia L. Bauer and Gabriel L. Barnard, are individuals of majority age, were and are residents of the County of Hawaii and State of Hawaii.

12.   The real estate, parcels TMK 3-2-8-010-0032 and TMK 3-2-8-010-0030 located at E. Akaka Falls Road, Honomu, Hawaii 96728 (referred to as "Subject Property") is the subject of this litigation.   The Subject Property currently has a house that Plaintiffs built on it and it has been the Plaintiffs' primary residence since 2008.

13.   At all relevant times, Defendant Deutsche Trustee is a national banking association organized under the laws of the United States with its main office in California.   It has

initiated foreclosure proceedings against Plaintiffs and is the party that recorded the defective Assignment. It currently claims to be the owner and holder of the Note and Mortgage.

14. At all relevant times, IndyMac Mortgage Services (**"OneWest"**) is a division of OneWest Bank FSB, a federally chartered savings bank organized and existing under the laws of the United States with its main office in Michigan. OneWest is purporting to be Plaintiffs' mortgage servicer.

15. At all relevant times herein, Defendant Federal Deposit Insurance Corporation, As Receiver For Indymac Bank, FSB And Receiver For Indymac Federal Bank, FSB is an agency of the United States government and is headquartered in Washington, D.C. It is the party who executed the faulty assignment and is a rival claimant to Plaintiff's Note and Mortgage) (hereinafter **"FDIC"**);

16. RCO Hawaii, LLLC, is a Hawaii Limited Liability Company located in Honolulu, Hawaii. It is currently acting in the capacity of Defendant Deutsche Trusts' debt collector and attorney and it is the entity that registered the legally invalid assignment with the State of Hawaii Bureau of Conveyances) (hereinafter **"RCO Hawaii"**).

17. The Defendants (each of them named in paragraphs above, shall collectively be referred to as **"Defendants"**) named

herein and "all persons unknown", claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiffs' title thereto and as DOES I through 100 (hereinafter referred to as **"Unknown Defendants"**) are unknown to Plaintiffs. These unknown Defendants and each of them, claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiffs' title, and their claims and each of them constitute a cloud on Plaintiff's title to the Subject Property.  Plaintiffs are informed and believe, and on that basis allege, that each fictitiously named DOE Defendant is responsible for the events happening hereinafter alleged. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named DOE Defendants when ascertained.

18.  Plaintiffs are informed, believe and therefore allege that at all times mentioned herein, the Unknown Defendants were individuals and/or business entities, whose forms are unknown to Plaintiffs and were agents, principals, employees, employers and/or co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiffs are informed, believe and therefore allege that each of said Defendants is and at all relevant times herein was, acting within the scope and consent of the remaining named and unnamed Defendants.

19.   Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

20.   Any allegation about the acts of any corporate or other business Defendant(s) means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

21.   At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

22.   At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of unlawful acts, and thereby aided and abetted the other Defendant in the unlawful conduct.

FACTUAL ALLEGATIONS

*23.*   On or about December 13, 2005 Plaintiff Sofia Bauer executed an Adjustable Rate Note (hereinafter the **"Note"**) and Plaintiffs Sofia Bauer and Gabriel Barnard executed a Mortgage (hereinafter the **"Mortgage"**, collectively the Note and Mortgage are referred to as the **"Loan"**), both in favor of an IndyMac Bank, FSB (hereinafter **"Dissolved IndyMac"**), obtaining a Loan secured by the Subject Property.

*24.*   On information and belief, Plaintiffs allege that shortly after the origination of the Loan, Dissolved IndyMac sold the Loan to other entity or entities. Those entities are currently unknown but will be identified through discovery.

*25.*   Plaintiffs allege that these unknown entities and Defendants were involved in an attempt to securitize their Loan into the IndyMac Residential Mortgage-Backed Trust, Series 2006-L1, Residential Mortgage-Backed Certificates, Series 2006-L1 (hereinafter the **"INDY Trust"**).

*26.*   The INDY Trust, being sued through its trustee, is a New York Corporate Trust formed to act as a Real Estate Mortgage Investment Conduit or "REMIC", pursuant to the U.S. Internal Revenue Code.   REMICs are treated as pass-through vehicles for tax purposes and enjoy tax-free exemptions and bankruptcy remote protection.

27. Typically the owners of the mortgage-backed securities are investors in large investment pools. The mortgage payments for the Plaintiffs Loan are not collected by the loan owners themselves. The task of payment processing, escrow maintenance, loss mitigation and instituting and managing foreclosure are collectively known as "servicing".

28. When the Servicers collect loan payments from the borrowers, the Servicers transfer those payments to the Trustee of the Trust ("Trustee"), which then distributes the payments to the Trust's beneficiaries i.e. the Investors. Each Trust is primarily administered by two entities: the Trustee and the Servicer.

29. Plaintiffs allege that pursuant to the assignment, transfers or granting of their Loan, Deutsche Trustee, on behalf of the INDY Trust, is attempting to claim an ownership interest in Plaintiffs Loan.

30. Plaintiffs further allege that it is factually and legally impossible for Deutsche Trustee to claim this ownership interest because the Pooling and Servicing Agreement (hereinafter **"PSA"**) that governs the INDY Trust does not allow for new Loans to enter the Trust in 2010, the year of that the Assignment was executed. If late addition were allowed, the Trust would lose its REMIC status with serious tax consequences.

31.    Plaintiffs further allege that pursuant to the INDY Trust PSA, the Trust has a cut-off date of March 1, 2006 and any assignment of Dissolved IndyMac's interest in the Loan must have occurred prior to that date in order to be legally valid.

32.    Plaintiffs further allege that the Assignment does not specify who, in fact, FDIC is assigning its interest in the Loan for.    It lists two possible entities that it could be acting on behalf of: IndyMac Bank, FSB and IndyMac Federal Bank, FSB.    This lack of specificity as to which entity actually owns the interest being assigned is in itself enough to defeat the legal validity of the assignment.

33.    Plaintiffs further allege that the Assignment does not name an Assignee that legally exists.    A search of the Securities and Exchange Commission Edgar database of public filings shows that there is no Trust with the proper legal name of "IndyMac Residential Mortgage-backed Trust, Series 2006-L1, Residential Mortgage-Backed Certificates, Series 2006-L1".

34.    Plaintiffs further allege that, if the Trust does exist and the Loan did actually make into the Trust, then neither Dissolved IndyMac nor FDIC would have any interest in the Loan to assign in 2010 because the legal transfer of interest would have occurred on or before the Trust's 2006 cut-off date, and the assignment is therefore invalid and cannot be used as the basis for a foreclosure action.

35.   Plaintiffs further allege that the signatory of the Assignment, Erica A. Johnson-Seck, is a documented robo-signor who has been found to be self-dealing and in violation of state and federal laws governing the documents that she signed on behalf of MERS, FDIC, IndyMac and OneWest.  Ms. Seck has testified under oath in similar lawsuits in other states, including IndyMac Federal Bank, FSB v. Machado, Palm Beach County Florida Circuit Court Case No. 50 2008 CA 037322XXXX MB AE that she does not sign in the same room as the notary (and sometimes not on the same day), signs on an officer or attorney on behalf of companies for whom she is not employed, spends less than 30 seconds per documents verifying that the information is correct, and commits other improprieties that have come to be collectively referred to as "robo-signing", which call into question the legal validity of many of the documents that she signs.

36.   Plaintiffs further allege that the notarization of the Assignment is incomplete and therefore invalid and in violation of H.R.S. § 502-54 and Hawai'i Administrative Rules § 13-16-8 in that the Notary's acknowledgement does not include the date of the notary's signature, the date of the document acknowledged, nor the wording required under H.A.R. § 13-16-8(2): "in the capacity shown, having been duly authorized to execute such instrument in such capacity".

37. Plaintiffs' information and belief if further based on a Loan Summary Report (hereinafter **"Report"**) that they commissioned in order to help them to determine the owner of the Loan and the secured/ unsecured status of the Note and Mortgage.

38. Based on the findings of the Report and the research of counsel, Plaintiffs believe and allege thereon that their Note was supposedly securitized but may not have been properly securitized as a mortgage-backed security that is pooled together in the trust pool of the INDY Trust.

39. The issue of defective assignments has been the focus of state and federal court case decisions[3], Attorneys General investigations, regulatory Consent Cease and Desist Orders, and Congressional reports. On each level, state and federal entities have concluded that a failure to properly assign results in a break in the chain of title and the inability to enforce the Note and Mortgage.

40. Hawaii law requires the trustee of the beneficiary or their authorized agents to follow certain procedures in order to enforce a power of sale clause in a Mortgage. A foreclosing

---

[3] *U.S. Bank vs. Ibanez*, 458 Mass. 637 (2011); *Horace v. LaSalle Bank NA*, Case No. CV 08-362 (Cit. Ct. Russell Cty., Ala. March 30, 2011)(Order); *Hendricks v. U.S. Bank NA*, Case no. 10-849-CH (Washtenaw Cty. Trial Ct., Mich., June 6, 2011)(all cases holding in some way that the foreclosure efforts cannot move forward due to defective assignment of the note and/or mortgages at issue).

party must strictly comply with the statutory requirements, otherwise the sale is invalid.

41.  Defendant Deutsche Trust, OneWest, and RCO Hawaii, all strangers to Plaintiffs' original loan transaction, have all made numerous attempts to collect on Plaintiffs' Mortgage pursuant to a defective, legally invalid, and potentially fabricated Assignment of Mortgage.

42.  Plaintiffs allege that they are unable to determine who their true creditor is.  Plaintiffs allege to the extent that Deutsche Trustee has no legal authority to enforce the Note of Mortgage, it has no legal authority to foreclose under Hawaii law.  As such, any attempt to foreclose by Deutsche Trustee or its agent, RCO Hawaii, is in violation of Hawaii foreclosure laws and any notice of default issued by it or its agent OneWest is void *ab initio*.

43.  Plaintiffs do not dispute that they owe money on their mortgage obligation.  Rather, Plaintiffs are seeking the Court's assistance in identifying the true creditor entitled to payment.

44.  Plaintiffs have grounds to believe that they may have been paying the wrong creditor and as such all payments made to the INDY Trust via OneWest must be disgorged and refunded.

45.  Plaintiffs have been damaged as their credit and credit score were severely damaged by Defendant OneWest.

46. As a result of the invalid assignment, Plaintiffs' title to the Subject Property has been slandered, clouded, and its salability has been rendered unmarketable.

47. Plaintiffs' seek the Court's assistance to identify their true creditor as they risk not obtaining clear title to the Subject Property should they be able to agree to a loan work-out.

48. Plaintiffs believe that they have been paying the wrong party, OneWest, for an undetermined period of time and seeks that Defendants return monies not owed to them.

49. Plaintiffs do not know who the current beneficiary of their Loan actually is, such that they are now subject to double financial jeopardy.

50. Plaintiffs have offered to and is ready, willing and able to unconditionally tender their obligation.

51. Plaintiff Sofia Bauer is gainfully employed and Plaintiff Gabriel Barnard holds independent means for wealth generation and other assets. Together they have the ability to pay a reasonable payment to fulfill their obligation.

FIRST CAUSE OF ACTION

DECLARATORY RELEIF: TO DETERMINE STATUS OF DEFENDANTS' CLAIMS

[28 U.S.C. §§ 2201, 2201]

(Against all Defendants)

61. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. Section 2201(a) of Title 28 of the United States Code states:

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

63. Section 2202 of Title 28 of the United States Code states:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

64. Deutsche Trustee claims that it, and not any other Defendant or other party, has a secured enforceable interest

in, and perfected lien against, the Plaintiffs' Note, Mortgage, and Property pursuant to the April 5, 2010 Assignment. Plaintiffs dispute this fact.

65. Despite the fact that Deutsche Trustee initiated foreclosure, OneWest continued to send correspondence to Plaintiffs as if it had a right to continue to collect on behalf of another as of yet undisclosed party. The faulty assignment means that the transfer of interest never took place and FDIC may still hold an interest in Plaintiffs Loan that Deutsche Trustee is claiming. These competing interests and allegations made by Plaintiffs and Defendants, above, establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Subject Property.[4]

66. In addition, the harm by Defendants is ongoing and includes the imminent foreclosure of Plaintiffs' home. Therefore, as this claim relates to future harm, Plaintiffs' declaratory relief claim is cognizable as an independent cause of action.[5]

---

[4] "Declaratory relief is only appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986).
[5] *See Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996).

67. Accordingly, Plaintiffs request that the Court make a finding and issue appropriate orders stating that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiffs' Note, Mortgage, or the Subject Property which authorizes them, in fact or as a matter of law, to collect Plaintiffs' mortgage payments or enforce the terms of the Note or Mortgage in any manner whatsoever.

68. Plaintiffs will suffer prejudice if the Court does not determine the rights and obligations of the parties because they will be denied the opportunity to identify their true and current creditor/ lender and negotiate with them.

69. Due to the actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether and which Defendant has a secured or unsecured right, title, or interest in Plaintiff's Property.

SECOND CAUSE OF ACTION

QUASI-CONTRACT

(Against OneWest, Deutsche Trust, and Doe Defendants)

68. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

69. Deutsche Trust alleges it became a party to Plaintiffs' Note and Mortgaged when it was purportedly assigned Dissolved IndyMac's interest pursuant to the Assignment.

70. OneWest demanded monthly mortgage payments from Plaintiff starting in or around 2008 and OneWest continues to demand and collect payments from Plaintiffs. Plaintiff reasonably relied upon OneWest's assertion that they were entitled to payments.

71. OneWest knowingly accepted payments and they or Defendant Deutsche Trustee retained Plaintiffs' payments for their own use knowing that it did not have a legally effective assignment and therefore did not acquire an interest in Plaintiffs' Note, such that they could accept or keep Plaintiffs' payments.

72. It would be inequitable for OneWest or Deutsche Trustee to retain the payments it received from Plaintiffs which they did not have legal authority to collect.

73. The equitable remedy of restitution when unjust enrichment has occurred is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money.

74. Plaintiffs seek restitution for any payments they made to OneWest that were not paid to the true lender or beneficiary.

### THIRD CAUSE OF ACTION

Violation of 15 U.S.C. § 1692e

(Against Deutsche Trustee, RCO Hawaii, and Doe Defendants)

75. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

76. Defendant Deutsche Trustee, as purported assignee of Plaintiffs' Note and Mortgage was purportedly assigned all beneficial interest in Plaintiffs' Mortgage, together with the Note, other obligations, and money due and to become due thereon, with interest, that are secured by the Mortgage. As such, Deutsche Trustee and its agent, RCO Hawaii, are in a position where their principle purpose is to directly collect monies due and owing on Plaintiffs' Note and Mortgage. Deutsche Trustee and RCO Hawaii have attempted to collect Plaintiffs' debt and thus are debt collectors pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

77. "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

78. Federal law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt… including the false representation of… the character, amount, or legal status of any debt… and the threat to take any action that cannot legally be taken… " 15 U.S.C. § 1692e(2)(A), (5).

79. Deutsche Trustee and RCO Hawaii attempted to collect on the Note under false pretenses, namely that Deutsche Trustee was assigned Plaintiffs' debt when the documents on the record indicate that it is more likely than not that the debt was never properly assigned to them.

80. Deutsche Trustee and RCO Hawaii threatened to litigate a complaint for foreclosure in state court and engaged in related collection activities that cannot legally be taken by them.

81. As alleged herein, Plaintiffs' Note was not properly transferred to Deutsche Trustee, who seeks to cause their purported authorized agents, including OneWest and RCO Hawaii, to collect mortgage payments and engage in other unlawful collection practices.

82. On information and belief, Deutsche Trustee does not have a perfected security interest in Plaintiffs' Note such that they can enforce Plaintiffs' obligation and/or collection mortgage payments.

83. Plaintiffs allege that Deutsche Trustee falsely represented the status of Plaintiffs' debt and Deutsche Trustee and its agents' ability to enforce Plaintiffs' debt obligation, in which they have no pecuniary, equitable, or legal interest.

84. The conduct described by Deutsche Trustee was malicious because Deutsche Trustee and its agents knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage. However, despite such knowledge, Deutsche Trustee and its agents continued to demand and collect Plaintiffs' mortgage payments.

85. The foregoing acts and omissions of Deutsche Trustee and their agents, including RCO Hawaii, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every above-cited provision of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

86. Plaintiffs could not have reasonably known of the existence of a claim for violation of 15 U.S.C. § 1692e because Deutsche Trustee and its agents fraudulently concealed the fact that they were not entitled to enforce Plaintiffs' debt obligation and that they were falsely representing the

character of Plaintiffs' alleged debt to Deutsche Trustee and its agent, OneWest.

87. As a result of Deutsche Trustee's violations of FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and declaratory relief, from each and every Defendant herein.

88. Plaintiffs relied on Deutsche Trustee and/or its agents RCO Hawaii and OneWests' misrepresentations and has been damaged in the following ways: (1) multiple parties may seek to enforce their debt obligation against them; (2) the title to their home has been clouded and its salability has been rendered unmarketable, as any buyer of the Subject Property will find themselves in legal limbo, unable to know whether they can safely buy Plaintiffs' home or get title insurance; (3) they have been paying the wrong party for an undetermined amount of time; (4) they are unable to determine whether they sent their monthly payments to the right party; (5) their credit and credit score have been severely damaged; and (6) they have expended significant funds to cover the costs of attorneys' fees and related costs.

FOURTH CAUSE OF ACTION

Unfair and Deceptive Acts and Practices in violation of

HRS sec 480-2

(Against OneWest and Deutsche Trustee)

89.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90.   Plaintiffs are consumers within the meaning of Chapter 480, Hawaii Revised Statutes.

91.   Plaintiffs are specifically in the class of persons that this law was designed to protect.

92.   Defendants OneWest and Deutsche Trustee have engaged in unfair, unlawful, and fraudulent business practices in the state of Hawaii, as set forth above.

93.   By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of H.R.S. 480-2.

94.   H.R.S. 480-2 prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature.

95.   Defendant Deutsche Trustee as purported assignee of Plaintiffs' Note and Mortgage, has violated 15 U.S.C. § 1692f, by attempting to collect Plaintiffs' debt obligation under false, deceptive, and misleading representation.

96.   Defendant Deutsche Trustee violated Hawaii law by filing a facially and legally invalid assignment to be filed with the Bureau of Conveyances of the State of Hawaii in connection with Plaintiffs' mortgage loan transaction with knowledge that the Assignment contained numerous serious deficiencies which render the document invalid and of no legal effect.

97.   Defendant OneWest engaged in unfair, unlawful, and fraudulent business practices with respect to mortgage loan servicing and related matters.

98.   Defendant OneWest demanded and accepted payments for debts that were non-existent.

99.   Defendant OneWest reported payments as late to credit bureaus without the legal right or authority to do so.

100.   Defendant Deutsche Trustee acted as a beneficiary without the legal authority to do so.

101.   Defendants Deutsche Trustee, RCO, FDIC, and/or OneWest facilitated, aided, and abetted the illegal, deceptive, and unlawful enforcement of Plaintiffs' Note and Mortgage and engaged in other illegal debt collection activities.

102.   OneWest, acting as Plaintiffs' mortgage servicer, has been acting in a manner to mislead Plaintiffs into believing that RCO Hawaii, Deutsche Trustee, and/or OneWest had the authority to demand payments from him.

103. As alleged herein, Plaintiffs' Note was not properly transferred to Deutsche Trustee, who seeks to cause its purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.

104. On information and belief, Deutsche Trustee does not have a perfected security interest in Plaintiffs' Note such that they can enforce Plaintiffs' obligation and/or collect mortgage payments.

105. Plaintiffs allege, on information and belief, OneWest, RCO Hawaii, and Deutsche Trustee fraudulently enforced a debt obligation in which they had no pecuniary, equitable, or legal interest. OneWest, Deutsche Trustee, and RCO Hawaii's conduct is a part of a fraudulent debt collection scheme.

106. The conduct by RCO Hawaii, Deutsche Trustee, and OneWest (described above), was malicious because these Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage. However, despite such knowledge, these Defendants continued to demand and collet Plaintiffs' mortgage payments.

107. As more fully described above, Defendants RCO Hawaii, Deutsche Trustee, and OneWest's acts and practices are unlawful. This conduct is ongoing and continues to this date.

108. As more fully described above, Defendants RCO Hawaii, Deutsche Trustee, and OneWest's acts and practices are likely

to deceive members of the public. This conduct is ongoing and continues to this date.

109. As more fully described above, Defendants RCO Hawaii, Deutsche Trustee and OneWest's acts and practices are unfair and the harm caused by their conduct outweighs any benefit their conduct may have. This conduct is ongoing and continues to this date.

110. Plaintiffs allege that by engaging in the above-described acts and/or practices as alleged herein, Defendants violated several laws including HRS section 480-2 et seq. and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices.

111. Plaintiffs allege that Defendants Deutsche Trustee and OneWest's misconduct, as alleged herein, gave them an unfair competitive advantage over their competitors. The scheme implemented by Defendants Deutsche Trustee and OneWest is designed to defraud Hawaii consumers and enrich Deutsche Trustee and OneWest.

112. The foregoing acts and practices have caused substantial harm to Hawaii consumers, including Plaintiffs.

113. By reason of the foregoing, Deutsche Trustee and OneWest have been unjustly enriched, by collecting payments that they are not entitled to, and should be required to make

restitution to Plaintiff and other Hawaii consumers who have been harmed, and/or enjoined from continuing such practices.

114. As a direct and proximate result of the actions of RCO Hawaii, OneWest, and Deutsche Trustee, and each of them, stated above, Plaintiffs have been injured in that a cloud has been placed upon title to Plaintiffs' Property and RCO Hawaii, Deutsche Trustee, and OneWest have failed to remove this cloud from Plaintiffs' title.

115. Plaintiffs request the Court to issue an order compelling RCO Hawaii, Deutsche Trustee, and OneWest, and any other Defendants claiming an interest in and to the Subject Property to take any and all actions necessary to remove the cloud they have placed upon his title and an order enjoining such Defendants from taking such actions again in the future.

116. As a direct and proximate result of the violations of HRS sec. 480-2 by Deutsche Trustee, RCO Hawaii, and OneWest, Plaintiff has suffered actual pecuniary damages and seeks relief including but not limited to civil liability, restitution, and injunctive relief preventing Deutsche Trustee, RCO Hawaii, and OneWest from continuing to collect mortgage payments, and attorneys' fees, in an amount to be proven at trial.

117. As a result of Deutsche Trustee, RCO Hawaii, and OneWest's violations of HRS sec. 480-2 et seq., Plaintiff has

been damaged in the following ways: (1) multiple parties may seek to enforce their debt obligation against them; (2) the title to their home has been clouded and its salability has been rendered unmarketable, as any buyer of the Subject Property will find themselves in legal limbo, unable to know whether they can safely buy Plaintiffs' home or get title insurance; (3) they have been paying the wrong party for an undetermined amount of time; (4) they are unable to determine whether they sent their monthly payments to the right party; (5) their credit and credit score have been severely damaged; and (6) they have expended significant funds to cover the costs of attorneys' fees and related costs.

118. By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, the Defendants have engaged in deceptive acts and practices and unfair methods of competition in the conduct of trade and/or commerce actionable under HRS Sec.480-2 that were designed to deprive Plaintiffs of their home, equity, as well as their past and future investment.

119. By reason of the foregoing, Plaintiffs have suffered and continue to suffer damages in a sum which is, as yet unascertained.

## FIFTH CAUSE OF ACTION

### ACCOUNTING

(Against OneWest, Deutsche Trustee, and Doe Defendants)

120.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.   OneWest has held themselves out to be Plaintiffs' mortgage servicer empowered to collect on behalf of Deutsche Trustee.   As a result of this purported relationship with Plaintiffs, said Defendants have a fiduciary duty to Plaintiffs to properly account for payments made by Plaintiffs.

122.   As a result of the aforementioned fraudulent conduct, Plaintiff paid OneWest their mortgage payments for several years.   However, for the reasons stated herein, none of this money was actually owed to OneWest and/or its Principle, Deutsche Trustee.   For that reason, these monies are due to be either credited back to Plaintiff in full or credited to the rightful owner of the Plaintiffs' Note and Mortgage.

123.   The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.

PRAYER FOR RELIEF

WHEREFORE Plaintiffs, for the causes set forth herein, pray for the following for each Cause of Action sustained:

(a)   Immediately take jurisdiction of this matter;

(b)   For Compensatory, special, and general damages in an amount to according to proof at trial, but not less than $250,000.00 against all Defendants;

(c)   For an order compelling Defendants to remove any instrument from the public record, including the Assignment, which does or could be construed as constituting a cloud upon Plaintiffs' title to the Property.

(d)   For a determination that the Plaintiffs are the prevailing party in this action and the title to the subject property is vested in the Plaintiffs alone;

(e)   For a declaratory judgment finding that Defendants do not have any legally cognizable rights as to Plaintiffs, the Property, Plaintiff's Sofia Bauer's Promissory Note, Plaintiffs' Mortgage, or any other matter based on contract or any of the documents prepared by Defendants, tendered and executed by Plaintiffs;

(f) For the Court to issue an order restraining Defendants, their agents, or employees from continuing or initiating any action against the Property and enjoining Defendants, their agents, or employees from doing so during the pendency of this matter;

(g) For an order compelling Defendants to disgorge all amounts wrongfully taken from Plaintiffs and returning the same to Plaintiffs' interest thereon at the statutory rate from the date the funds were first received from Plaintiffs;

(h) For the costs of suit incurred herein; and

(i) Award Plaintiffs such other and further relief as the Court may deem proper.

DATED:  Hilo, Hawaii this 29th day of February 2012.


_____
PAUL J. SULLA
Attorney for Plaintiffs
SOFIA L. BAUER and GABRIEL L. BARNARD